**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Lakisha Fant, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:25-3631-RMG |
| v. | ) | |
| | ) | |
| Frank Bisignano, Commissioner of Social | ) | |
| Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Income ("DBI") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on May 6, 2026, recommending that the Commissioner's decision be reversed and remanded for further proceedings. No party filed objections to the R & R. For the reasons set forth below, the Court reverses the decision of the Commissioner and remands the matter to the agency with instructions to award benefits.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge.  28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

## Discussion

This is the second time the District Court has addressed an appeal from the Plaintiff regarding the denial of her May 2020 application for Social Security disability benefits.

In the original administrative hearing, the Administrative Law Judge ("ALJ") found that the Plaintiff suffered from multiple severe physical and mental impairments, including degenerative conditions in the spine, left shoulder and bilateral knees, major depressive disorder ("MDD"), anxiety disorder, and PTSD.  Despite these numerous, severe physical and mental impairments, the

ALJ concluded that Plaintiff retained the Residual Functional Capacity ("RFC") to perform less than the full scope of sedentary work. *Fant v. Commissioner of Social Security*, C.A. No. 6:22-3560, (Dkt. No. 14-2 at 19, 22).

Plaintiff appealed the first adverse decision of the ALJ to this Court. Plaintiff argued on appeal that the ALJ erred in failing to properly consider the mental health opinions of a consulting psychologist, Dr. Todd Morton. Plaintiff argued that the ALJ overlooked key findings of Dr. Morton regarding Plaintiff's major depressive disorder and cherry picked evidence supportive of a finding that Plaintiff was not disabled. (*Id.*, Dkt. No. 15). After receipt of Plaintiff's brief, and before filing a response in opposition, the Commissioner moved to reverse the decision of the ALJ, pledging on remand to reconsider the testimony of Dr. Morton and to reevaluate the Plaintiff's RFC. (*Id.*, Dkt. No. 19). The District Court granted the Commissioner's motion to reverse the ALJ's first decision and to remand the case for the purpose of reevaluating the opinion testimony of Dr. Morton and reconsidering Plaintiff's RFC. (*Id.*, Dkt. No. 20).

On remand, the Plaintiff's claim was assigned to the same ALJ, who again found that Plaintiff suffered from the same severe mental and physical impairments but nonetheless retained the RFC to perform less than the full scope of sedentary work. The ALJ determined that based upon the RFC, Plaintiff was not disabled under the Social Security Act. (Dkt. No. 8-14 at 30).

In this second administrative decision, the ALJ addressed the effects of Plaintiff's severe mental and physical impairments under the two step process set forth in 20 C.F.R. §404.1529 and SSR 16-3P. In Step One, the claimant must establish that his or her symptoms could reasonably be expected to occur as a result of the claimant's diagnosed physical and mental conditions. If the claimant satisfies the requirements of Step One, the ALJ must evaluate the intensity, persistence,

and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's work related activities.

The ALJ found that Plaintiff satisfied the requirements of Step One but rejected at Step Two Plaintiff's subjective testimony about the symptoms she suffered from as a result of her severe mental impairments. The ALJ recognized that Plaintiff reported "severe symptoms of depression, including crying frequently, irritability, increased appetite, and lack of energy and motivation," "anxiety," "prior suicide attempts," "paranoia," "hear[ing] voices," and "frequent intrusive recollections of prior traumatic experiences." (Dkt. No. 8-14 at 42). The ALJ found, however, that her statements "about the intensity, persistence, and limiting effects of her symptoms . . . are not fully supported by the objective clinical findings and observations of record." (*Id.* at 43) (emphasis added).

The ALJ also addressed in her second administrative decision the opinions of Dr. Todd Morton, who performed a consulting evaluation of Plaintiff at the request of the Social Security Administration. It should be noted that consulting evaluations are often ordered by the Social Security Administration to validate the opinions of a claimant's personal treating providers.

Dr. Morton's Mental Status Evaluation fully supported Plaintiff's claims of severe, disabling depression. Dr. Morton reported that Plaintiff was taking an antipsychotic medication, Seroquel; an antidepressant medication, Prozac; and a mood stabilizer, Trileptal. (Dkt. No. 8-8 at 224). He confirmed that Plaintiff frequently cried, had constant racing thoughts that impaired her sleep, and had multiple suicide attempts, the most recent the month prior to the evaluation. He further documented a history of paranoia, hallucinations, and hearing voices. (*Id*. at 224-25). Dr. Morton concluded that "[b]ecause of her depression, experience of hallucinations, and her posttraumatic

stress, she would have severe impairment in her ability to maintain attention on a simple repetitive task for an extended period of time." (*Id.* at 226)  He further found that "[d]ue to the severity of her depression, she would have moderate to severe impairment in her ability to maintain a pace of work that most employers require."   Finally, Dr. Morton found that there "was no indication of malingering or significant exaggeration of her symptoms." (*Id.*).

The ALJ effectively rejected Dr. Morton's opinions, dismissing them as only "somewhat persuasive." (Dkt. No. 8-14 at 45).  The ALJ described Dr. Morton's opinions as "vague and unsupported" and complained that he failed to specify "what constitutes 'an extended period of time.' " (*Id.*).   The ALJ also complained that Dr. Morton relied on the "claimant's self-reports which are not wholly substantiated by the evidence in the record." (*Id.*) (emphasis added).

The ALJ's rejection of Plaintiff's subjective testimony about the disabling effects of her depression at Step Two – because her testimony was allegedly not corroborated by objective evidence in the record – is plainly inconsistent with the Fourth Circuit's decisions in *Arakas v. Commissioner, Social Security Administration*, 983 F.3d 83, 95-99 (4th Cir. 2020) and *Shelly C. v. Commissioner of Social Security Administration*, 61 F.4th 341, 360-64 (4th Cir. 2023).  In *Arakas*, the Fourth Circuit addressed a claimant's symptoms of pain from fibromyalgia, a condition known to produce few objective symptoms.  The Court noted that it had "battled" the Social Security Administration "for many years over how to evaluate a disability claimant's subjective complaints of pain." 983 F.3d at 95.  The Fourth Circuit found that the ALJ in *Arakas* "disregarded . . . longstanding precedent and the agency's own policy by improperly discounting Arakas's subjective complaints of pain and fatigue, based largely on the lack of objective medical evidence substantiating her statements." *Id*. at 95-96.  The Court noted that while it was appropriate for the

ALJ to consider objective medical evidence at Step One, "the ALJ improperly discredited Arakas's statements about the severity, persistence, and limiting effects of her symptoms [at Step Two] because he did not find them completely consistent with the objective evidence." (*Id.* at 96). The *Arakas* Court concluded that the ALJ erred in not relying "exclusively on subjective evidence" and " 'applied an incorrect legal standard' in discrediting her complaints based on the lack of objective evidence corroborating them." *Id*. at 96. In sum, the Fourth Circuit held in *Arakas* that "ALJs may not discredit a claimant's subjective complaints regarding fibromyalgia symptoms based on the lack of objective evidence substantiating them." (*Id.* at 97).

This same issue, evaluating the subjective symptoms of a claimant at Step Two, was addressed by the Fourth Circuit in *Shelly C*., which involved a claimant's diagnosis of major depressive disorder. This is the same mental health diagnosis for which the ALJ recognized Plaintiff had a severe impairment. The *Shelly C*. Court found that it was clear legal error to "dismiss Shelly C.'s subjective complaints based *entirely* upon the belief that they were not corroborated by the record's medical evidence." 61 F.4th at 360. The Fourth Circuit extended *Arakas*' holding to "depression–particularly chronic depression," which the Court noted is often referenced as major depressive disorder or a mood disorder. *Id*. at 361.

Here, the Magistrate Judge recommended that the decision of the ALJ be reversed on a variety of grounds, including that the ALJ's rejection of Plaintiff's subjective symptoms of depression at Step Two because they were not supported by objective evidence "runs afoul of the Fourth Circuit's decision in *Shelly C*." (Dkt. No. 15 at 9). The Magistrate Judge correctly noted that under *Shelly C*. "depression should be treated as a unique disease that does not produce objective evidence; thus, subjective statements should be treated as substantiating the individual's

impairment." (*Id*.).  Additionally, the Magistrate Judge found deficiencies in the ALJ's decision including: the failure to explain how she accounted for Plaintiff's mental limitations in the RFC; the failure to reconcile conflicting evidence regarding Plaintiff's ability to concentrate; and cherry picking portions of the record that supported the RFC assessment while overlooking voluminous reports of severe depression documented by treating medical providers. (*Id*. at 7, 10).

In reviewing the multiple errors in the ALJ's decision, it is important to note that even without considering Plaintiff's subjective symptoms of severe depression or the Mental Status Report of Dr. Morton, the ALJ recognized that Plaintiff's ability to perform competitive work was extremely compromised by her undisputed severe physical and mental impairments.  The ALJ found that Plaintiff had a RFC of less than the full scope of sedentary work, which Social Security Rules recognize as reflecting "very serious limitations resulting from an individual's medical impairment(s) and is expected to be relatively rare."  SSR 96-9P, 1996 WL 374185, at *1 (July 2, 1996).  Indeed, a RFC of less than the full scope of sedentary work is the lowest level of performance by a claimant in which he or she is not generally deemed disabled under the Social Security Act.  When a claimant has such a compromised condition, a relatively small error by the ALJ can tip the balance between disabled and not disabled.

The Magistrate Judge correctly found multiple, significant errors in the ALJ's decision, the most material being the failure to credit Plaintiff's subjective symptoms of depression and dismissing that evidence on the basis that the testimony was allegedly not supported by objective evidence in the record.   An obvious issue is what impact these errors have on Plaintiff's properly determined RFC since highly material evidence of the effects of Plaintiff's depression was not properly considered by the ALJ. This very situation was confronted by the Fourth Circuit in *Shelly*

*C.,* where the court found that "the ALJ inadequately grappled with the unique nature of Shelly C.'s mental health impairments, particularly chronic depression. We believe that if analyzed correctly, Shelly C.'s depression demonstrated both marked and extreme limitations that would instantly qualify her as disabled. As such, we conclude that substantial evidence does not support the ALJ's decision that Sherry C. was not disabled." 61 F.4th at 364.

A full and proper consideration of record before the Court in Plaintiff's case produces the same conclusion. If Plaintiff's subjective symptoms were fairly credited, as required by *Arakas* and *Shelly C.*, it is inconceivable that she would not be deemed disabled under the Social Security Act. Plaintiff's depression-related symptoms include paranoia, hallucinations, severe anxiety, multiple and recent suicide attempts, frequent crying, irritability, lack of energy and motivation, hearing voices, and intrusive thoughts from prior traumatic experiences. This is in addition to severe physical impairments of degenerate disease of the spine, left shoulder, and bilateral knees. On this record, there is not substantial evidence to support a finding that Plaintiff is not disabled under the Social Security Act.

Under these circumstances, a reversal and remand with instructions to award benefits is the appropriate remedy. The Court's general practice is to remand to the agency for further proceedings but it is well settled that the Court has the authority to award benefits. 42 U.S.C. § 405(g). An award of benefits by a district court is appropriate where, as here, the record is fully developed and it is clear that with the application of proper legal standards the Commissioner would be required to award benefits on remand. *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001); *Brown v. Kijakazi*, C.A. No. 2:21-353-RMG, 2021 WL 5276031, at *2 (D.S.C. Nov. 12, 2021). It is notable that in both *Arakas* and *Shelly C.*, the

Fourth Circuit directed the agency to award benefits once the contested testimony was properly credited. *Arakas*, 983 F.3d at 112; *Shelly C*, 61 F.4th at 369; s*ee also Revels v. Berryhill*, 874 F.3d 648, 669 (9th Cir. 2017); *Greener-Younger v. Barnhart*, 335 F.3d 99, 109 (2d Cir. 2003). An award of benefits is particularly appropriate under these facts where there has been a significant lapse of time in the administrative processing of a claim. *Podedworny v. Harris*, 745 F.2d210, 223 (3d Cir. 1984). The application for benefits was first filed on May 18, 2020. After six years of administrative processing and litigation and a failure of the ALJ to honor controlling legal precedent of the Fourth Circuit, the time to award benefits has now arrived.

### Conclusion

Based on the foregoing, the Court **ADOPTS** pages 1 through the middle of page 11 of the R & R (Dkt. No. 15) as the order of the Court, as further elaborated upon by this Order. The decision of the Commissioner is **REVERSED** pursuant to 42 U.S.C. § 405(g). The Court **REMANDS** the matter to the agency with **INSTRUCTIONS TO AWARD BENEFITS** from an onset date of March 12, 2020.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
May 26, 2026